CARAWAY, J.,
concurring.
It This case presents a borderline situation, literally regarding the site of the accident and figuratively concerning the place where liability and responsibility for the accident should fall. Riverwood’s lease *369 premises reasonably extended to the edge of the concrete curb of the street owned by the City. It matters not that the City owned additional footage beyond the street because Riverwood mowed the grass to the curb and its tenants viewed the property as a part of the lease premises. Therefore, on the boundary between the lease premises and the street, the accident occurred.
The cause for the deteriorated condition of the sinkhole at that boundary had everything to do with the City’s garde, and not Riverwood’s garde. Garde, of course, is “the obligation imposed by law on the proprietor of a thing, or one who avails himself of it, to prevent if from causing damage to others.” Spott v. Otis Elevator Company, 601 So.2d 1355 (La.1992), citing Loescher v. Parr, 324 So.2d 441, 447 (La.1975). The sinkhole was caused by the undermining of the ground beneath the concrete curb because of drainage or utility services unrelated to Riverwood.
I also note that even though the plaintiffs foot landed on Riverwood’s side of the boundary, any strict liability of Riverwood at that boundary location did not amount to absolute liability. One exception to Louisiana’s vanishing strict liability regime, though seldom arising, concerns the fault of a third person. In Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978), the court said:
The fault of a “third person” which exonerates a person from his own obligation importing strict liability as imposed by |2Articles 2317, 2321, and 2322 is that which is the sole cause of the damage, of the nature of an irresistible and unforeseeable occurrence i.e., where the damage resulting has no causal relationship whatsoever to the fault of the owner in failing to keep his building in repair, and where the “third person” is a stranger rather than a person acting with the consent of the owner in the performance of the owner’s non-delega-ble duty to keep his building in repair.
Id. at 1293. In this borderline situation, the City’s failed obligation for garde at the boundary where this accident occurred can be viewed as the sole cause of plaintiffs injury, preventing the imposition of strict liability on Riverwood.